NO. 07-02-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 25, 2002

_____

ANTONIO DOWAN WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 83720; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant Antonio Dowan Wilson was convicted by a jury of aggravated assault and sentenced by the trial court to six years confinement in the Institutional Division of the Department of Criminal Justice. In two issues, he challenges that conviction by arguing

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

that the evidence was legally and factually insufficient to sustain his conviction. Disagreeing with appellant, we affirm the judgment of the trial court.

The standards by which we review the legal and factual sufficiency of the evidence are so well known that it is not necessary for us to reiterate them. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In making that review, we must remember that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and it may accept or reject any part of that testimony. *Cain v. State,* 958 S.W.2d 404, 407 n.4 (Tex.Crim.App. 1997). The charge in this case, which is not challenged on appeal, allowed the jury to find appellant guilty if he acted alone or with others as a party by intentionally, knowingly, or recklessly causing serious bodily injury to the victim by hitting him with his hand.

A person is criminally responsible as a party to an offense if it is committed by his own conduct or by the conduct of another for which he is criminally responsible or both. Tex. Pen. Code Ann. § 7.01(a) (Vernon 1994). A person is criminally responsible for the offense committed by the conduct of another if he acts with intent to promote or assist the commission of the offense and solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2). In determining the sufficiency of the evidence under the law of parties, the evidence is sufficient when the actor is physically present at the commission of the offense and encourages the commission by words or

other agreement. *Burdine v. State,* 719 S.W.2d 309, 315 (Tex.Crim.App. 1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). In making that determination, the court may examine the events before, during, and after the commission of the offense and rely on actions of the defendant, which show an understanding and common design to commit the offense. *Id.* Participation in an offense may be inferred from the circumstances. *Beardsley v. State,* 738 S.W.2d 681, 684 (Tex.Crim.App. 1987).

Police Officer Vicky Bordelon of the Beaumont Police Department responded to a call on September 6, 2000, with respect to an altercation near the Plymouth Village Apartments. She was flagged down by the victim's mother and brother, who took the officer to their home. There she found the victim, Derrick Eaglin, on a bed covered in blood. She called EMS, and later talked to a witness, Joseph Hillocks, who named a man known as Fifth Ward as a participant.

Derrick testified that he went to the Plymouth Village Apartments after school on the day of the assault to give Josh Green a ride to an interview at the Beaumont Country Club where Derrick worked. Derrick was sitting in the car and Eric Wilson walked up and swung at him, but missed. Derrick then got out of the car to fight with Eric. Appellant, who goes by the name of Fifth Ward, was also there, and Derrick testified that appellant told him "it was going to be a one-on-one fight." Derrick stated that before he and Eric actually hit each other, he looked to the side and appellant struck him with his hand, after which Derrick passed out. He woke up in a ditch, and Josh helped him out. However, appellant

3

knocked him back into the ditch and then went through his pockets and asked for money. Josh helped him out again, and Joseph Hillocks drove him home. As a result of the incident, he had double vision, was in a lot of pain, and could not bite down. His nose was also broken, and he had surgery to have a plate put under his eye.

On cross-examination, Derrick admitted that in the statement he gave to police, he did not name appellant as his assailant. He merely stated that he was hit in the back of his head and blacked out. He also failed to mention appellant's alleged remark that it would be a one-on-one fight or that appellant had knocked him into a ditch. Further, in response to a question, he seemed to admit that he really did not know who hit him that day. However, on redirect, he stated that more than one person jumped on him and that appellant was one of them. Also, he lost several gold teeth and his cell phone during the incident. He later called his cell phone number and someone who identified himself as Fifth Ward answered.

Josh Green testified that when Derrick drove up, Eric and Derrick got into a fight. He later pulled a man named Alkin Savoy off of Derrick in the ditch. Savoy hit Derrick at least once on the side of the head. After Derrick got pulled out of the ditch, he indicated he wanted to swing at appellant, and appellant hit him on his chin. However, in Josh's statement to police, he said that appellant hit Derrick in the nose.

Shawn Eaglin, Derrick's mother, testified that Derrick's nose was broken, his sinus cavities crushed, and he had to have a plate put in his head as a result of the fight. The

4

doctors thought Derrick would lose his right eye at one point. The medical bills resulting from his injuries totaled $30,000.

Detective Brian Skinner testified that he investigated the incident and, as a result, charges were filed against Alkin Savoy, Eric Wilson, and appellant.

Appellant contends that Derrick's statement made to police contradicted his testimony at trial because he never identified appellant to police and neglected to mention other facts that he testified to at trial. Further, appellant argues, Derrick admitted that his memory was better at the time of his statement than at trial. Moreover, the testimony of Josh Green only corroborates that appellant struck Derrick once on the chin after Derrick threatened to hit him. Additionally, appellant posits, no evidence was presented that he solicited, encouraged, directed, aided, or attempted to aid the other alleged perpetrators, Eric Wilson and Alkin Savoy, in the commission of the offense, and there was no connection and acquaintanceship shown between these persons.

Appellant requested and received an instruction to the jury on the lesser offense of assault and on self-defense, which the jury obviously rejected. While the testimony of the victim at trial may have conflicted with his statement to police, those conflicts were for the jury to resolve. If the testimony of the victim was believed, Wilson commenced the altercation at which appellant was present, appellant hit the victim with his fist after telling him it would only be a one-on-one fight, and appellant later struck the victim again. Appellant also went through the victim's pockets and asked for money. During this same

5

time period, there was testimony that Savoy struck the victim as well. Further, there was evidence of the loss of personal property and that the victim suffered serious bodily injury as a result of the altercation. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that appellant, acting alone or in concert, committed the essential elements of the offense beyond a reasonable doubt, and that verdict is not so against the weight of all of the evidence as to be clearly wrong and unjust.

Accordingly, we overrule appellant's issues and affirm the judgment of the trial court.

John T. Boyd
Senior Justice

Do not publish.

6